# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2025

Lyle W. Cayce
Clerk

———————

No. 24-40635

———————

Jose Guadalupe Rodriguez, Jr.,

*Plaintiff—Appellant*,

*versus*

Sean Duffy, *Secretary, U.S. Department of Transportation*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CV-450

———————————————————————

Before Higginson, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jose Rodriguez sued his employer, the Federal Motor Carrier Safety Administration, alleging it engaged in racial discrimination by failing to offer a promotion for employees in his position—one predominantly held by Hispanics. The district court dismissed his claim as untimely and denied leave to amend. Treating the dismissal as a grant of summary judgment, we affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40635

Rodriguez began working for the Federal Motor Carrier Safety Administration (FMCSA) in 2002 as a motor carrier safety specialist or "border inspector." He started at the GS-07 level and was quickly promoted to GS-09. Rodriguez came to believe that his job duties deserved promotion to the GS-11 level, but as of 2010, no promotion was offered. That's because, as Rodriguez concedes, no GS-11 position for border inspectors exists.

In 2010, Rodriguez, a Hispanic man, and other inspectors "raised concerns about discrimination in promotion practices to FMCSA management." In 2013, Rodriguez believed that GS-11 position descriptions for border inspectors existed, but the lack of actual GS-11 positions indicated potential racial discrimination against Hispanics. So he and others "petitioned for review of their job classifications, alleging discrimination in promotional practices" multiple times. These requests were ignored or denied. Rodriguez's records and performance appraisals remained at the GS-09 level.

In 2022, Rodriguez requested promotion to a non-existent GS-11 position. When his request was denied, he sought EEOC counseling and later filed a formal discrimination complaint. The EEOC dismissed Rodriguez's complaint for untimeliness and failure to state a claim.

Rodriguez sued FMCSA for racial discrimination under Title VII, asserting that the lack of opportunity for border inspectors to promote above the GS-09 level is due to racial prejudice against Hispanics. He claimed that other comparable positions, primarily held by non-Hispanic employees, offer promotions to the GS-11 level.

But he did not allege that he personally sought any such existing positions. And Rodriguez concedes that his "claim is not based on a failure to promote [him] to a non-existing position but rather on the systematic

refusal to create promotion pathways to Border Inspectors, a predominately Hispanic group."

FMCSA filed a motion to dismiss, or alternatively, a motion for summary judgment. It argued that Rodriguez failed to make timely contact with an EEOC counselor or allege a prima facie case of discrimination. The district court granted the motion to dismiss, finding that his complaint was untimely and that, even if it were timely, it failed to state a claim. It also denied Rodriguez's pending motion for leave to amend his complaint as futile. Rodriguez appealed.

## I.

By considering matters beyond Rodriguez's pleadings, the district court implicitly granted FMCSA's alternative motion for summary judgment, rather than the motion to dismiss.

A district court converts a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment by considering matters outside the pleadings. Fed. R. Civ. P. 12(d). This conversion can be implicit. *Hodge v. Engleman*, 90 F.4th 840, 843–844 (5th Cir. 2024). *See also, e.g.*, *Boateng v. BP, P.L.C.*, 779 F. App'x 217, 219 (5th Cir. 2019) ("Although the district court seemed to dismiss [plaintiff's] claims under Rule 12(b)(6), the district court implicitly granted a summary judgment motion by considering matters beyond the pleadings."). With such conversion, parties must have ample notice that the district court could rule based on material outside the pleadings and be given the opportunity to submit additional evidence. *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 667 (5th Cir. 2019).

Here, the district court implicitly ruled on summary judgment by relying on FMCSA's statements that Rodriguez first sought EEOC counseling in 2022.

No. 24-40635

Plaintiffs are not required to plead facts to negate an affirmative defense. *Frame v. City of Arlington*, 657 F.3d 215, 239–240 (5th Cir. 2011) (en banc). A complaint can be dismissed for an affirmative defense, such as untimeliness, only where the defense is apparent on the face of the complaint. *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). Rodriguez's complaint makes no mention of EEOC counseling—that evidence appears for the first time in FMCSA's motion. So it would have been improper to dismiss Rodriguez's complaint under Rule 12(b)(6). Therefore, because the 2022 counseling was considered, we treat the district court's order as a grant of summary judgment to FMCSA.

Ruling on summary judgment was permissible because Rodriguez had notice and opportunity to respond to the evidence. FMCSA's motion was styled as an alternative motion for summary judgment and Rodriguez responded accordingly—citing the legal standard for summary judgment, relying on and responding to FMCSA's evidence of the 2022 counseling, and submitting an additional evidentiary affidavit of his own. Rodriguez was granted a deadline extension and had the opportunity to conduct limited discovery to respond to the motion for summary judgment. *See Hodge*, 90 F.4th at 845 (plaintiff had ample notice that the court would consider extra-pleading evidence where limited discovery was permitted).

## II.

We review summary judgment de novo. *George v. SI Group, Inc.*, 36 F.4th 611, 621 (5th Cir. 2022). It is proper where there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. We view all facts and draw all inferences in favor of the non-moving party. *Hodge*, 90 F.4th at 844.

Title VII prohibits the federal government, as an employer, from discriminating based on race or national origin. 42 U.S.C. § 2000e-16(a).

4

Federal employees who believe they were discriminated against must consult an EEOC counselor within forty-five days. 29 C.F.R. § 1614.105(a)(1). Failure to seek timely counseling results in a time-bar to potential claims. *See Pacheco v. Mineta*, 448 F.3d 783, 791 n. 11 (5th Cir. 2006).

The forty-five-day deadline may be tolled where the plaintiff shows that: (1) he was unaware of the time limits, (2) he did not know and reasonably should not have known of the discrimination, (3) that despite due diligence he was prevented by circumstances beyond his control from contacting the counselor within the time limits, or (4) for other reasons considered sufficient. 29 C.F.R. § 1614.105(a)(2).

Rodriguez failed to meet the deadline for consulting an EEOC counselor. He presents no evidence that he consulted a counselor after raising concerns about discrimination in 2010 or 2013. He argues that he timely sought counseling after he was denied a promotion in 2022. But he also concedes that his claim is not about the denial of any requests for a promotion. Instead, his claim is that FMCSA discriminated by its failure to offer a promotion at all—something he was aware of well before the 2022 counseling.

And Rodriguez is not entitled to tolling. He fails to present any evidence that he was unaware of the deadline. He admits his own belief that discrimination was occurring in 2010 and 2013. And he does not point to any circumstances that prevented him from seeking a counselor within the time limit.

Nor can the allegedly continuing nature of the violation save his claim. The continuing violation theory "relieves a plaintiff . . . from the burden of proving that the entire violation occurred within the actionable period" by showing "a series of related acts, one or more of which falls within [the timeliness requirement]." *Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971,

979 (5th Cir. 1983) (quotation omitted).  Rodriguez argues that the denial of a promotion to a non-existing position in 2022 demonstrates a continuing violation falling within the limitations period.  But that's not a violation, because "the nonexistence of an available position is a legitimate reason not to promote." *Perez v. Region 20 Educ. Serv. Cent.*, 307 F.3d 318, 325 (5th Cir. 2002).

Rodriguez's claim is therefore untimely, and summary judgment is appropriate.

### III.

Lastly, Rodriguez argues that the district court improperly denied him leave to amend his complaint.  We disagree.

District courts may deny leave when amendment would be futile. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  We review denial of leave to amend based on futility de novo.  *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016).

Amendment is futile here because Rodriguez's claims are time-barred.  The proposed amendments—additional plaintiffs or alleged comparators—cannot lift Rodriguez over the time-bar.  And Rodriguez is the party before us—not the proposed additional plaintiffs.  Our decision here has no bearing on the merits of their claims.  The district court did not err in denying leave to amend.

We affirm.